UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALLEN IZA,

                Plaintiff,                      **Docket No.: 22-CV-**

  -against-                              **COMPLAINT**

ST. JOHN'S UNIVERSITY,

                Defendant,
-----------------------------------------------------------X

      Plaintiff, ALLEN IZA, by his attorneys, STEWART LEE KARLIN LAW GROUP, P.C., complaining of Defendant, ST. JOHN'S UNIVERSITY, alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matter, as follows:

## Nature of the Claim

1. This is a civil action based upon Defendant's violations of the Americans with Disabilities Act, 42 USC § 12182 and Section 504 of the Rehabilitation Act of 1973 by discriminating against Plaintiff due to his disability and perceived disability, and by failing to reasonably accommodate him.

## Jurisdiction and Venue

2. This Court has jurisdiction over Defendant ST. JOHN'S UNIVERSITY pursuant to 29 USC § 2617 and 42 USC § 12117.

3. This action properly lies in the Eastern District of New York, as Defendant's principal place of business is the State of New York, County of Queens and the allegations set forth below occurred in the same.

## Parties

4. At all times hereinafter mentioned, Plaintiff ALLEN IZA ("Plaintiff" or "Iza"), was and still is a resident of the State of Connecticut. At all relevant times, Plaintiff was a student of Defendant St. John's University.

5. Plaintiff has a disability and perceived disability, Attention Deficit Hyperactivity Disorder (ADHD), that impacted major life activities and he participated in protected activity pursuant to the ADA. Plaintiff had a physical and mental impairment that substantially limits one or more major life activities, had a record of such an impairment and was regarded as having such an impairment.

6. Defendant St. John's University is a private Roman Catholic university duly organized and existing by virtue of the laws of the State of New York. St. John's University is located in New York City, with its main campus in County of Queens.

## Statement of Facts

7. Plaintiff enrolled as a full-time student in the St. John's University Physician Assistant, Master of Science Program, commencing his studies in the Fall 2020 semester. This is a graduate program offered by St. John's University's College of Pharmacy and Health Sciences leading to a Master of Science (M.S.) degree in Physician Assistant.

8. Plaintiff successfully completed his first year of studies, consisting of nine 3-credit didactic courses, with a cumulative grade point average of 3.92, on a 4.0 scale.

9. Plaintiff progressed to his third semester of the Physician Assistant M.S. Program in the Fall 2021 semester. The third semester consists of two 4-credit Clinical Medicine courses and two 2-credit courses.

10. On September 15, 2021, Plaintiff registered with Defendant's Office of Disability Services

seeking reasonable accommodations, including additional exam time, for his documented disability of Attention Deficit Hyperactivity Disorder ("ADHD"). Along with the Office of Disability Services Registration Form, Plaintiff submitted supporting medical documentation from his current treating physician in support of the reasonable accommodation request.

11. Plaintiff was first diagnosed with ADHD in fourth grade and received aide through a 504 plan beginning at this age. Plaintiff has continuously treated his ADHD with medication from the time of his diagnosis.

12. Plaintiff had not previously requested a reasonable accommodation from Defendant for his first-year courses. Plaintiff's first year courses were conducted virtually, which allowed him to proceed at his own pace if necessary, and lectures were shorter in duration. Further, as his courses were each 3-credits, the exam lengths were shorter. As a result, Plaintiff was able to manage his ADHD, without reasonable accommodations, as exhibited by his earning a 3.92 GPA.

13. Plaintiff's second year courses were held in-person, with lectures and exams that were longer in duration, thus necessitating his request for reasonable accommodations at this time.

14. On the same day as his request, September 15, 2021, Defendant's Office of Disability Services denied his request for reasonable accommodations, stating that his medical documentation was not sufficient to support his diagnosis or the approval of accommodations. Defendant stated that since Plaintiff's treating physician was not a psychologist, his medical documentation was not sufficient to receive even temporary accommodations.

15. There was no medical necessity for Plaintiff to be treating with a psychologist for his ADHD. His treating physician that provided the supporting medical documentation was qualified to diagnosis ADHD, manage Plaintiff's medication, and provide a medical recommendation as to the necessary accommodations for Plaintiff's diagnosis.

16. Defendant indicated that Plaintiff could support a granting of temporary accommodations with the submission of his prior 504/Individual Education Plan for services received. Plaintiff immediately sought to obtain those records from his elementary school, but due to the time duration that had passed, the records no longer existed. Plaintiff provided to Defendant a letter from his elementary school stating that he previously had a 504 plan, and was receiving services under it, but that they no longer were in possession of the 504 plan. In response, on October 16, 2021, Defendant continued to deny temporary reasonable accommodations to Plaintiff.

17. Plaintiff submitted to Defendant an additional letter from his treating physician on November 3, 2021. This supporting medical documentation stated Plaintiff's diagnosis, and the difficulty that his ADHD caused in completing assignments and tests. Further it recommended that Plaintiff be given double time on exams. In response, Defendant still failed to provide Plaintiff with temporary reasonable accommodations.

18. On November 9, 2021, Defendant notified Plaintiff that he had an average of B- or less in three of his didactic for the semester and he was warned that he may be subject to academic dismissal as a result. Plaintiff's grades at the time were a direct result of Defendant's failure to provide him with the requested reasonable accommodations.

19. Thereafter, on November 11, 2021, Plaintiff's treating physician submitted a third letter to Defendant in support of Plaintiff's request for reasonable accommodations.

20. On November 18, 2021, Defendant finally awarded temporary reasonable accommodations to Plaintiff, consisting of: (1) Extended time for all quizzes and exams (1.5x the standard amount the class is given); and (2) Separate, quiet location for exams and quizzes.

21. Plaintiff notified his professors of the reasonable accommodations and was provided with the additional testing time for the exams that remained.  Plaintiff was not accommodated with a separate, quiet location for exams and quizzes.

22. With limited testing opportunities remaining in his courses, due to Defendant's delay in granting temporary reasonable accommodations, Plaintiff received failing grades in two courses during the Fall 2021 semester.

23. Following the Fall 2021 semester, Defendant's Subcommittee for Academic Standing for the Physician Assistant Program met to review his academic performance, and due to his grades earned in the program, recommended his dismissal.

24. Plaintiff duly appealed the decision.  Defendant made a final determination to uphold his dismissal on January 20, 2022.

25. Plaintiff has exhausted all internal remedies available to him prior to the commencement of this action.

**As and For a First Claim For Relief-
<u>Americans with Disabilities Act</u>**

26. Plaintiff repeats, reiterates, and re alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27. Plaintiff is a protected individual within the meaning of the Americans with Disabilities Act, 42 USC § 12182 et seq.

28. Plaintiff has a disability within the meaning of the ADA.

29. Defendant is a statutory party within the meaning of the ADA.

30. The Defendant is a private entity as defined by the ADA, 42 U.S.C. 12181 and is a recipient of federal financial assistance as defined by the ADA.

31. Defendant violated the ADA by subjecting Plaintiff to disparate treatment, a hostile educational environment, and discriminatory treatment due to his disability and perceived disability.

32. Plaintiff met the essential requirements for the receipt of services but the access to services was denied solely due to his disability which in turn denied his access to education.

33. The ADA, 42 U.S.C. §12132 was violated because Defendant intentionally discriminated and showed gross misjudgment against Plaintiff because he was excluded from participation in and denied the benefit of services and programs and activities and was otherwise discriminated and retaliated against by solely due to his disability.

34. As a result of the willful activities of defendant, Plaintiff has been deprived of equal educational opportunities based upon her disability, and perceived disability discrimination in violation of the Americans with Disabilities Act 42 U.S.C. 12182.

35. As a result of the foregoing conduct, Defendant has violated the ADA, 42 U.S.C. §§ 12132 and 12182 and the regulations promulgated thereunder resulting in Plaintiff being damaged.

### As and For a Second Claim For Relief- Section 504 of the Rehabilitation Act of 1973

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. Defendant is a recipient of federal financial assistance as defined by Section 504 of the Rehabilitation Act of 1973 (29 USC § 794(a) and 29 CFR § 33.1.) and the regulations promulgated thereunder.

38. Defendant offers a variety of programs and services for students that have disabilities in order for the student to gain access to their education.

39. Plaintiff is a qualified individual with a disability in that he met the essential requirements for the receipt of services and reasonable accommodations.

40. Defendant failed to provide the necessary services and reasonable accommodations to Plaintiff.

41. As a result of the foregoing conduct, CUNY has violated. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794, 29 CFR § 33.1, and the regulations promulgated thereunder, resulting in Plaintiff being damaged.

## Demand for a Jury Trial

42. Plaintiff herein demands a trial by jury of all issues and claims in this action.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Equitable Relief, including but not limited to

    A. Reinstatement, with expungement of all discriminatory grades, to the Master of Science Degree in Physician Assistant Program at St. Joseph's University;

    B. Declaration that the actions taken against the Plaintiff were discriminatory;

2. Compensatory damages including but not limited to reimbursement for the tuition and related expenses paid to Defendant;

3. Special damages for a lost career as a result of not obtaining a Master of Science Degree, including the salary Plaintiff would have earned if the degree was conferred;

4. Pain and suffering;

5. Attorney fees and costs;

6. Such other and further relief as this court deems just and proper.

Dated: New York, New York
April 10, 2022

    STEWART LEE KARLIN
    LAW GROUP, P.C.

    s/ Stewart Lee Karlin
    Stewart Lee Karlin, Esq.
    Daniel E. Dugan, Esq.
    *Attorneys for Plaintiffs*
    111 John St., 22nd Floor
    New York, NY 10038
    (212) 792-9670
    slk@stewartkarlin.com